UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA MOSER, et al., | § | |
|     Plaintiffs, | § | |
| v. | § | No. 3:16-CV-2558-L |
| OMNITRITION INTERNATIONAL, | § | |
| INC., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the district court has referred Defendant's Motion to Dismiss the Complaint, or Alternatively, Motion for More Definite Statement [ECF No. 5] for findings and recommendations. *See* Order of Reference 1, ECF No. 10. For the following reasons, the undersigned respectfully recommends Defendant's motion be DENIED.

**Background**

On September 6, 2016, Plaintiffs[1] filed their Complaint against Omnitrition International, Inc ("Defendant"). Compl., ECF No. 1. Plaintiffs' suit arises out of Defendant's Sales and Marketing Plan and Rules and Regulation Handbook (the "Handbook"). *Id*. at 5 ¶ 21. Plaintiffs bring the following causes of actions against Defendant: (1) declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.004; (2) breach of contract; (3) violation of the Texas Theft Liability Act ("TTLA"); (4) business disparagement; (5) tortious interference with business relationships; and (6) 15 U.S.C. § 1125 of the Lanham Act. Def.'s Mot. to Dismiss 6 ¶ 1, ECF No. 5 (hereafter "Def.'s Mot."). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1331. Compl. 4 ¶¶ 17-18, ECF No. 1. Plaintiffs allege Defendant employed them as Independent Marketing Associates ("IMA" or "IMAs") for various times over sixteen years. *Id*. at 5 ¶ 22.

---

[1] The plaintiffs in this case are: Cynthia Moser, Paula Moser, Julie Guenthner, Lori Ruff, Jessica Pavley, Mandy Hafner, Melanie Hoff, Sarah Laree Allen, Alise Christensen, Teresa Berlin, Shellianne Gitchel, Sunshine Heldstab, Jacquelynn Ennis, and Danielle Wallgren (hereafter "Plaintiffs").

Both parties agree that Plaintiffs are independent contractors. Def.'s Mot. 9 ¶ 9, ECF No. 5. As IMAs Plaintiffs earned their salaries in five ways: "Retail Profits, Discount and Wholesale Profits, Royalty Overrides, Bonus Level Royalty Overrides, and Periodic Promotional Bonuses." Compl. 7 ¶ 32, ECF No. 1. Plaintiffs allege they sell Defendant's products to "downline" distributors at a discount rate which could increase based on their sales volumes. *Id*. at 8-9 ¶¶ 35-36, 40-41. Plaintiffs allege they were also "Bonus Level Supervisors" who earned additional royalties as "Royalty Overrides" based on their sales as IMAs. *Id*. at 8 ¶¶ 37, 39. The gravamen of Plaintiffs' claims is that Defendant failed to honor the Sales and Marketing Plan, improperly enforced the Handbook, and withheld commissions from Plaintiffs. *See id*. at 9-10 ¶ 44, 11 ¶ 49, 12 ¶¶ 52-54. Plaintiffs allege they have suffered monetary damages in excess of $2,000,000. *Id*. at 11 ¶ 49.

Defendant moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or alternatively require a more definite statement of Plaintiffs' claims pursuant to Rule 12(e). FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 12(e). Plaintiffs filed their response [ECF No. 12] on December 14, 2016, and Defendant filed its reply [ECF No. 13] on December 23, 2016. Defendant's motion is ripe for determination.

## Legal Standard

Under Rule 12(b)(6), the Court evaluates pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive the motion to dismiss, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)). Moreover, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than mere "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored," and "[w]hether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 654 (N.D.Tex. 2004*); Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 3:12-CV-1790-D, 2012 WL 5903780, at *4 (N.D.Tex. Nov. 26, 2012).

## Analysis

### Breach of Contract

"In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Group, L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex.App. 2001)).

Plaintiffs allege Defendant failed to follow the Handbook and thereby committed breach of contract in the following ways:

> a. Selectively permitting some IMAs to renew outside the guidelines set forth, but not others[;]
> b. Selective enforcement of the rules and regulations unilaterally proliferated concerning social media posting and use of company logos and products;
> c. Selective access to the limited resources available to IMAs to stay informed of the business of the company[;]
> d. Selective access to company information to which an IMA could refer potential customers.

Compl. 10-11 ¶ 48, ECF No. 1. Plaintiffs allege that "Defendant's failure to honor the Sales and Marketing Plan and improper enforcement of the Rules and Regulations" resulted in over $2,000,000 in damages. *Id*. at 11 ¶ 49. Defendant argues that Plaintiffs have failed to allege any facts that even if the four statements above were true resulted in a breach of any agreement. Def.'s Mot. 12 ¶ 18, ECF No. 5. Defendant also argues Plaintiffs have failed to show that they have suffered any damages. *Id*. Plaintiffs respond that Defendants failure to follow its own policies and procedures impaired their ability to build a profitable business and advise future IMAs. Pls.' Resp. 3-4 ¶ 8, ECF No. 12. Plaintiffs argue that they have provided proper notice that they contest the manner in which Defendant applied the rules of the Handbook and they did not receive proper commissions as promised by the Handbook. *Id*. at 4 ¶ 8. Defendant replies that Plaintiffs failed to allege these two factual allegations in their Complaint and therefore have failed to state a plausible claim for relief. Def.'s Reply 3, ECF No. 13.

Based on Plaintiffs' Complaint, the Court finds that Plaintiffs have stated sufficient factual allegations to support a claim for breach of contract. Plaintiffs have asserted that: (1) a contract existed between Plaintiffs and Defendant; (2) Plaintiffs performed under the contract; (3) Defendant breached the contract; and (4) this breach caused Plaintiffs to incur damages. *See Cooper v. Harvey*, No. 3:14-CV-4152-B, 2016 WL 4427481, at *14 (N.D.Tex. Aug. 21, 2016) (citing *Tempur-Pedic Int'l Inc. v. Angel Beds L.L.C.*, 902 F. Supp. 2d 958, 969-70 (S.D.Tex. 2012); *Spear Mktg Inc. v. Bancorp South Bank*, No. 3:12-CV-3583-B, 2013 WL 3297593, at *10 (N.D.Tex. July 1, 2013)). In viewing Plaintiffs' well-pleaded facts as true and in the light most favorable to them, the Court finds that Plaintiffs have alleged sufficient facts to overcome dismissal on this claim. The district court should deny Defendant's Motion to Dismiss Plaintiffs' breach of contract claim.

### Texas Theft Liability Act

"The Texas Civil Theft Liability Act provides that a defendant is liable to the plaintiff for damages resulting from a theft, as defined by the Texas Penal Code §§ 31.03-31.04." *Saint Paul Commodities, L.L.C. v. Crystal Creek Cattle Co.*, No. 3:11-CV-37-G, 2012 WL 3135574, at *4 (N.D.Tex. Aug. 1, 2012) (citing TEX. CIV. PRAC. & REM. CODE §§ 134.002-134.003). Plaintiffs allege a TTLA claim under Texas Penal Code § 31.04 which provides:

> A person commits theft of service if, with intent to avoid payment for service that the actor knows is provided only for compensation:
>
> (4) the actor intentionally or knowingly secures the performance of the service by agreeing to provide compensation and, after the service is rendered, fails to make full payment after receiving notice demanding payment.

TEX. PENAL CODE § 31.04(a)(4). "Consent is not effective if induced by deception or coercion." *Id*. § 31.01(3)(A).

Plaintiffs have not plead sufficient facts to support their claim under the TTLA and Texas Penal Code § 31.04. Plaintiffs allege that Defendant's ability to take payments and withhold future income from Plaintiffs constitutes an unlawful taking under the TTLA. Compl. 12 ¶¶ 52, 54, ECF No. 1. Plaintiffs do not allege any facts that they provided notice to Defendant demanding payment as required under § 31.04(a)(4). *See* Def.'s Mot. 13 ¶ 21, ECF No. 5; TEX. PENAL CODE § 31.04(a)(4). Plaintiffs also fail to address Defendant's argument that the Handbook entitles Defendant to terminate the distributorship and then withhold any commissions or royalties related to the IMA's downline organization. Def.'s Mot. 13 ¶ 22. Plaintiffs do not respond to Defendant's contention that the economic loss rule precludes any recover under the TTLA. *Id.* at 14 ¶ 23; Def.'s Reply 4, ECF No. 13.

In an abundance of caution, the undersigned recommends the district court grant Plaintiffs' request to amend their Complaint and deny Defendant's Motion to Dismiss this claim. *See* Pls.' Resp. 6 ¶ 14, ECF No. 12; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Plaintiffs should address these deficiencies in their amended complaint.

### Business Disparagement

"A plaintiff must establish the following elements to prevail on a business disparagement claim: '(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff.'" *Cooper*, 2016 WL 4427481, at *14 (quoting *Forbes v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex.

2003)). "To prove special damages, a plaintiff must provide evidence of direct, pecuniary loss attributable to the false communications of the defendants." *Id*. (quoting *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391(5th Cir. 1996)); *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1988); *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp. 2d 680, 692 (N.D.Tex. 2008).

Plaintiffs allege that Defendant knowingly made false and disparaging comments about each of the Plaintiffs in an effort to injure their credibility with downline distributors and customers. Compl. 13 ¶¶ 56-58, ECF No. 1. Defendant argues "Plaintiffs did not allege any specific statement that they contend was published by Omnitrition, to whom such statement was published, or the forum in which such statement was published." Def.'s Mot. 16 ¶ 28, ECF No. 5. In response, Plaintiffs contend Defendant made these allegations in multiple conference calls and on Facebook. Pls.' Resp. 5 ¶ 10, ECF No. 12. Plaintiffs also request to replead this claim with more exact statements and the manner in which they were made. *Id*.

Plaintiffs have not pled sufficient factual content necessary to meet the *Twombly/Iqbal* standard. *Barrash v. Am. Ass'n of Neurological Surgeons, Inc.*, No. 4:13-CV-1054, 2013 WL 4401429, at *4 (S.D.Tex. Aug. 13, 2013) (dismissing a business disparagement claim on a Rule 12(b)(6) motion to dismiss for failing to allege "specific sources of economic loss"); *cf. Vigo v. Reed*, No. 3:11-CV-2044-G, 2012 WL 5363429, at *4 (N.D.Tex. Nov. 1, 2012) (surviving dismissal). Plaintiffs do not allege the exact statements allegedly made by Defendant or that it resulted in special damages to Plaintiffs. Plaintiffs merely restate the elements of a business disparagement claim. *See* Compl. 13-14 ¶¶ 57, 59, ECF No. 1. As Defendant correctly articulates, Plaintiffs pleadings must show specific facts, not mere conclusory allegations, to avoid dismissal. However, the district court should grant Plaintiffs' request to replead this claim

in an amended complaint. Defendant's Motion to Dismiss Plaintiffs' business disparagement claim should be denied.

### Tortious Interference with Business Relationships

"To prevail on a claim for tortious interference with prospective business relations, the plaintiff must establish that (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013) (citations omitted); *see also Sanger Ins. Agency v. HUB Int'l., Ltd.*, 802 F.3d 732, 748 (5th Cir. 2015). The plaintiff must establish that the defendant intentionally prevented the formation of the business relationship. *Bradford v. Vento*, 48 S.W.3d 749, 757 (Tex. 2000).

Defendant first argues that Plaintiffs have failed to allege the existence of a contract subject to interference. Def.'s Mot. 17 ¶ 31, ECF No. 5. Defendant contends that if it "did not have actual knowledge of the prospective contract or business relations, its interference cannot be intentional." *Id*. Further, Defendant could not interfere with a relationship between Plaintiffs and others since Plaintiffs voluntarily terminated their employment. *Id*. Defendant also contends that Plaintiffs have failed to allege any willful or intentional act that was the proximate cause of any damages. *Id*. at ¶¶ 32-33. Plaintiffs argue that Defendant contacted Plaintiffs downline distributors and reassigned them to other IMAs. Pls.' Resp. 5 ¶ 11, ECF No. 12. Plaintiffs also argue that at the encouragement of Defendant other IMAs contacted these distributors to move

8

organizations. *Id*. at 6 ¶ 11. Plaintiffs also request time to conduct discovery to determine which distributors Defendant moved prior to the termination of their employment. *Id*.

Plaintiffs have stated a viable claim for tortious interference with business relationships. Plaintiffs' Complaint alleges that Defendant blocked them from company controlled Facebook pages and sent messages to discourage any distributor or customer from associating with Plaintiffs in the future. Compl. 14 ¶ 60, ECF No. 1. Plaintiffs allege that these messages were "purposefully designed to interfere" with Plaintiffs' future business opportunities. *Id*. Plaintiffs also allege they suffered damages because their organizations were "cannibalized," thus reducing their value. Pls.' Resp. 6 ¶ 11, ECF No. 12.

Plaintiffs have alleged sufficient facts to survive a Rule 12(b)(6) motion that Defendant purposefully interfered to prevent the formation of future business relationships. *See Cooper*, 108 F. Supp. 3d at 472. Plaintiffs' request to conduct additional discovery also supports that dismissal is premature. Accordingly, the district court should deny Defendant's Motion to Dismiss Plaintiffs' claim for tortious interference with business relationships.

### Lanham Act Violations

Plaintiffs allege Defendant violated the Lanham Act "in its advertising concerning its business opportunity and products." Compl. 14 ¶ 62, ECF No. 1. Section 1125(a) of the Lanham Act provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

9

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A)-(B). Plaintiffs allege the following statements are false or misleading:

> 1. Omnitrition has 5.2 million distributors in 24 countries around the world.
> 2. Any distributor who signed up on or after March 1st, 2012 will be subject to auto renewal annually within 1 month of the anniversary of their sign up date and will have the charge applied to the credit card on file.

Compl. 14-15 ¶ 62, ECF No. 1. Plaintiffs state no other factual allegations under their Lanham Act claim. Defendant argues Plaintiffs do not have standing under the Lanham Act and Plaintiffs fail to allege any facts to show how the above statements are deceiving or that they deceived any customers. Def.'s Mot. 18 ¶ 35, 20 ¶ 38, ECF No. 5. The Court agrees that Plaintiffs have not alleged sufficient facts to support this claim under the Lanham Act, but Plaintiffs have not had the opportunity to amend their Complaint and it is not apparent that the defects in this claim are incurable.

Accordingly, the district court should deny Defendant's Motion to Dismiss this claim and allow Plaintiffs an opportunity to amend their Complaint stating sufficient facts that support relief under the Lanham Act.

### Declaratory Judgment

Plaintiffs request a declaratory judgment interpreting the Handbook pursuant to Tex. Civ. Prac. & Rem. Code § 37.004. *Id.* at 9-10 ¶¶ 43-44. Since Plaintiffs' claims survive dismissal, Plaintiffs' request for a declaratory judgment at this stage is premature. Defendant's request for dismissal of this relief should be denied without prejudice.

### **RECOMMENDATION**

For the reasons stated herein, assuming all facts alleged in Plaintiffs' Complaint to be true and viewing them in the light most favorable to Plaintiffs, the court determines some of their claims are deficient. Rather than grant Defendant's motion, the district court should DENY without prejudice Defendant's Motion to Dismiss [ECF No. 5] and allow Plaintiffs an opportunity to correct the noted deficiencies. The district court should allow Plaintiffs twenty days from the date of the district court's order to file a First Amended Complaint. Therefore, Defendant's Alternative Motion for More Definite Statement [ECF No. 5] should be DENIED as moot.

**SO RECOMMENDED**, this 28th day of February, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).