IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CYNTHIA MOSER, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:16-CV-2558-L** |
| | § | |
| **OMNITRITION INTERNATIONAL INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss the First Amended Complaint[1] (Doc. 19), filed March 30, 2017. After careful consideration of the motion, response, reply, pleadings, and applicable law, the court **grants** Defendant's Motion to Dismiss the First Amended Complaint with respect to Plaintiffs' business disparagement claim and claim for Lanham Act violations.

### I. Factual and Procedural Background

On September 6, 2016, Plaintiffs[2] originally filed this action against Omnitrition International, Inc. ("Omnitrition" or "Defendant"); and filed Plaintiffs' First Amended Complaint ("Amended Complaint") on March 20, 2017.[3] Plaintiffs' suit arises out of Defendant's Sales and

---

[1] The motion is incorrectly titled as "Defendant's Motion to Dismiss the First Amended Complaint." The correct title of the motion should be "Defendants Motion to [Partially] Dismiss the First Amended Complaint" because Omnitrition did not move to dismiss all of Plaintiffs' claims.

[2] Plaintiffs in this case are: Cynthia Moser, Paula Moser, Julie Guenthner, Lori Ruff, Jessica Pavley, Mandy Hafner, Melanie Hoff, Sarah Laree Allen, Alise Christensen, Teresa Berlin, Shellianne Gitchel, Sunshine Heldstab, Jacquelynn Ennis, and Danielle Wallgren ("Plaintiffs").

[3] On February 28, 2017, United States Magistrate Judge Paul D. Stickney ("Judge Stickney") entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that Defendant's Motion to Dismiss the Complaint be denied without prejudice; Plaintiffs be allowed an opportunity to amend their Complaint to address the deficiencies identified in the Report; and Defendant's Motion for More Definite Statement be denied as moot. On May 10, 2017, the court denied Defendant's Motion to Dismiss the Complaint and deemed Plaintiffs' First Amended Complaint (Doc. 18) filed as of March 20, 2017. In their Amended Complaint, Plaintiffs withdrew their Texas Theft Liability Act claim, and amended their business disparagement claim and Lanham Act violations claim.

Marketing Plan and its Rules and Regulation Handbook (the "Handbook"). Plaintiffs contend that Omnitrition failed to honor the Sales and Marketing Plan, improperly enforced the Handbook, and withheld commissions from Plaintiffs. Plaintiffs allege the following causes of actions against Omnitrition: (1) declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.004; (2) breach of contract; (3) tortious interference with business relationships; (4) business disparagement; and (5) violations of 15 U.S.C. § 1125 of the Lanham Act.

Plaintiffs allege Omnitrition employed them as Independent Marketing Associates ("IMA" or "IMAs") for various times over sixteen years. Both parties agree that Plaintiffs are independent contractors. As IMAs, Plaintiffs earned their salaries in five ways: "Retail Profits, Discount and Wholesale Profits, Royalty Overrides, Bonus Level Royalty Overrides, and Periodic Promotional Bonuses." First Am. Compl. 7. Plaintiffs allege that they sell Omnitrition's products to "downline" distributors at a discount rate, and the rate could increase based on their sales volumes. *Id*. at 8-9, 40-41. Plaintiffs allege that they were also "Bonus Level Supervisors" who earned additional royalties as "Royalty Overrides" based on their sales as IMAs. *Id*. at 8.

Omnitrition contends that Plaintiffs' claims for business disparagement and Lanham Act violations should be dismissed for failure to state a claim. Specifically, Omnitrition contends that Plaintiffs failed to allege any special damages to give rise to a business disparagement claim. Omnitrition further contends that Plaintiffs failed to allege sufficient facts to show that they have "provisional standing" to pursue a Lanham Act claim and that "Plaintiffs failed to allege sufficient facts that Plaintiffs were competitors of Omnitrition who suffered economic or reputational injury flowing directly from any deception wrought by Omnitrition's advertising." Def.'s Mot. to Dismiss First Am. Compl. 4.

## II. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any

documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief

can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.    Discussion**

    **A.    Business Disparagement**

To defeat a motion to dismiss on a business disparagement claim, a plaintiff must set forth allegations from which the court can reasonably infer that "(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003) (citing *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987)). "To prove special damages, a plaintiff must provide evidence of direct, pecuniary loss attributable to the false communications of the defendants." *Id.* (quoting *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391(5th Cir. 1996)); *Hurlbut*, 749 S.W.2d at 767; *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 553 F. Supp. 2d 680, 692 (N.D. Tex. 2008).

Plaintiffs allege that Omnitrition knowingly made false and disparaging comments about several of them in an effort to injure their credibility with downline distributors and customers. First Am. Compl. 11-12. Omnitrition contends that "Plaintiffs failed to allege any new facts to give rise to special damages under the business disparagement claim." The court agrees.

In response, Plaintiffs argue that their Amended Complaint addressed the court's concern with their business disparagement claim. Plaintiffs further contend that they intend to seek discovery to determine the exact amount of special damages "from distributors who heard and

relied on Defendant's disparaging statements." Pls.' Response to Def.'s Mot. to Dismiss Am. Compl. 3.

Plaintiffs have failed to state a claim upon which relief may be granted. Judge Stickney determined in his Report that Plaintiffs failed to set forth specific disparaging statements allegedly made by Omnitrition or that such statements resulted in special damages. Plaintiffs set forth the following allegations with regard to Omnitrition's allegedly disparaging statements:

> 50. Following their resignations, Omnitrition has undertaken a campaign to disparagement the reputation of each of the Plaintiffs questioning their integrity, in instances stating they were lazy, claiming false statements, and modifying statements to cast them in a poor light.
>
> 51. In particular, daughter of the founder of Omnitrition, and former ethics officer, Lisa Daley began on or about August 2016 posting on Facebook on revealing resignations and private information concerns Ms. Whitehair and Plaintiffs Mosers and Guenthner.20 During those communications and conference calls held by Roger Daley on or about August 12, 2016, Roger Daley expressed that Ms. Whitehair and her sales team (including Plaintiffs generally and Ms. Guenthner specifically) were not willing to work and this is why the sales reduced. He further asserted they planned some scheme behind his back and intended to "steal" his business. He further asserted that without Omnitrition, Ms. Guenthner and Ms. Whitehair are just daycare workers. Listening to the tone of Mr. Daley's voice makes clear these statements were made with malice and with the intent that no one would trust in Plaintiffs in future business endeavors.
>
> 52. A Plaintiff can establish business disparagement claim, by establishing the following elements: 1) the defendant published false and disparaging information about Plaintiff; 2) the publication was done with malice, 3) Defendant was without privilege to make statement, and 4) the statement resulted in special damages to the Plaintiff. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003).
>
> 53. As result of the comments made concerning Plaintiffs and those in their organizations which were communicated to Plaintiffs' customers, customers sought to receive refunds of the various Omnitrition products previously purchased, but were denied such refunds by Omnitrition. This further damaged the reputation of the Plaintiffs, and in some instance caused additional financial hardship.

First Am. Compl. 11-12.  Although Plaintiffs alleged new facts regarding specific disparaging statements made by Omnitrition in their Amended Complaint, they still have not alleged sufficient facts from which the court can reasonably infer that Omnitrition's conduct would result in *special damages* to Plaintiffs.  "Proof of special damages . . . requires that plaintiff establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales."  *Teel v. Deloitte & Touche LLP*, 3:15-CV-2593-G, 2015 WL 9478187, at 6 (N.D. Tex. 2015) (quoting *Hurlbut*, 749 S.W.2d at 767).  Plaintiffs have alleged no facts in the Amended Complaint from which the court can reasonably infer that Defendant has caused them to suffer a pecuniary loss because of the allegedly disparaging comments that, if proved, would entitle them to relief from Omnitrition.

Plaintiffs assert that they intend to seek discovery to determine the exact amount of special damages; however, before proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678 (A complaint must provide "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  As the Court stated in *Iqbal*, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678-79.  Accordingly, the court determines that Plaintiffs have failed to state a claim upon which relief may be granted because they have not pled sufficient facts necessary to meet the *Twombly/Iqbal* standard that they have suffered special damages as result of the alleged disparaging comments.  The court will grant Omnitrition's motion to dismiss Plaintiffs' business disparagement claim.

### B. The Lanham Act[4]

The Lanham Act provides that:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A)-(B).

Plaintiffs allege Omnitrition violated the Lanham Act "in its advertising concerning its business opportunity and products." First Am. Compl. 14. Plaintiffs allege that the following statements are false or misleading:

> 1. Omnitrition has 5.2 million distributors in 24 countries around the world.
> 2. Any distributor who signed up on or after March 1st, 2012 will be subject to auto renewal annually within 1 month of the anniversary of their sign up date and will have the charge applied to the credit card on file.
> 3. Omnitrition asserts that its Omni Drops claim on its Supplement Fact label to contain HCG in an amount of 3x6x12x30x60x. However, upon information and belief due to laboratory testing it is believed that Omni Drops fail to contain a detectable level of HCG. Such a claim is false and misleading under the Lanham Act.

---

[4] Plaintiffs' Amended Complaint refers to 41 U.S.C. §1125(a)(1); however, the correct statute for the Lanham act is *15 U.S.C. § 1125(a)(1)*.

**Memorandum Opinion and Order - Page 8**

*Id.* at 13-14. Plaintiffs allege that "Defendant['s] company is built upon its top selling product Omni Drops while all the while the same result could have been achieved with the diet only, and thus saving consumers monthly subscriptions to the drops." *Id.* at 15.

Omnitrition contends that Plaintiffs do not have provisional standing[5] to assert the Lanham Act violations and that Plaintiffs have not alleged any facts related to the nature of their alleged injury as a competitor of Omnitrition. Plaintiffs counter that "although the Amended Complaint does not explicitly state that a competitor relationship exists, the competitive relationship is a "theme" of its claims in this matter. *Id.* at 4. Plaintiffs contend that the full scope of injury will be determined through discovery and that Omnitrition's "representations about the effectiveness of HCG (and the drops program) violate the Lanham Act." *Id.* at 5.

Plaintiffs have failed to state a claim upon which relief may be granted. The Supreme Court has determined that "[t]o invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014). Plaintiffs have allege insufficient facts to show that they suffered any injury under the Lanham Act. Plaintiffs' only allegation of injury is that Omnitrition's "commercial statements are false or misleading and likely to deceive which in turn

---

[5] In its motion to dismiss, Omnitrition argues that the court should apply the five-factor test employed by the Fifth Circuit in *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011), to determine whether Plaintiffs have prudential standing under the Lanham Act. The court, however, declines to apply the five-factor test because of the Supreme Court's decision in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1392 (2014). In *Lexmark,* the Supreme Court determined that the five-factor test is "problematic" and "can yield unpredictable and at times arbitrary results." *Id.* at 1392. Accordingly, the court will apply the principles set forth in the *Lexmark* opinion as discussed below.

caused material injury to Plaintiffs." First Am. Compl. ¶ 56. This allegation is merely conclusory and does not permit the court to reasonably infer that Plaintiffs "suffered an injury to a commercial interest in sales or business reputation proximately caused by" Omnitrition's alleged misrepresentations. *Twombly,* 550 U.S. at 555. Accordingly, the court determines that Plaintiffs have failed to state a claim upon which relief may be granted. The court will grant Omnitrition's motion to dismiss Plaintiffs' Lanham Act violations claim.

### C. Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

In response to Omnitrition's motion to dismiss, Plaintiffs did not request to amend their pleadings in the event the court determined that they failed to state a claim. In any event, based on the pleadings, Plaintiffs have asserted no allegations from which the court can reasonably infer that: (1) Omnitrition caused any injury under the Lanham Act, or (2) that any pecuniary loss has been realized or liquidated as a result of Omnitrition's allegedly disparaging statements. Plaintiffs were put on notice as to how their allegations were deficient but failed to cure the deficiencies.

**Memorandum Opinion and Order - Page 10**

Accordingly, the court determines that allowing further amendment would unduly and unnecessarily delay the resolution of this case.

## IV. Conclusion

For the reasons herein stated, Plaintiffs have failed to state a claim upon which relief can be granted as to Plaintiffs' business disparagement claim and claim for Lanham Act violations. Accordingly, the court **grants** Defendant's Motion to [Partially] Dismiss the First Amended Complaint (Doc. 19), and Plaintiffs' claims for business disparagement and Lanham Act violations are **dismissed with prejudice.** The remaining claims in this action are those for declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.004, breach of contract, and tortious interference with business relationships.

**It is so ordered** this 16th day of March, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge